IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-148-BO

| | |
|---|---|
| GEORGE WILLIAM SKAGGS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 24, 27]. A hearing on this matter was held in Elizabeth City, North Carolina, on September 8, 2015. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the judgment of the Commissioner is reversed.

## BACKGROUND

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on March 28, 2006, with an alleged onset date of March 2, 2006. [Tr. 363–73]. His date last insured was December 31, 2009. [Tr. 21]. Plaintiff's applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Edward Morris held a video hearing on December 3, 2008. He rendered an unfavorable decision on February 26, 2009, but the Appeals Council granted Mr. Skaggs's request for review and remanded the claim for a new hearing. Following the second hearing, ALJ Morris again rendered an unfavorable decision, after which the Appeals Council again granted Mr. Skaggs's request for review and remanded for a third hearing. A new ALJ conducted the third hearing on November 19, 2013, which also resulted in an unfavorable decision. The Appeals Council denied plaintiff's request for review,

rendering the ALJ's decision the final decision of the Commissioner on May 15, 2014. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Mr. Skaggs is currently 51 years old. [Tr. 363]. He completed the seventh grade and is illiterate. [Tr. 39, 104]. He has past relevant work as a roofer and carpenter. [Tr. 516]. In November 2007, the North Carolina Department of Health and Human Services found him eligible for Medicaid based on disability with an onset date of February 2007. [Tr. 856].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. [Tr. 21]. The ALJ found Mr. Skaggs had numerous conditions that qualified as severe impairments at step two but were not found to meet or equal a listing at step three. [Tr. 22]. The ALJ specifically rejected Listing 12.05 for intellectual disability because he found that the record lacked evidence of adaptive functioning deficits, relying heavily on the Mr. Skaggs did not require special education services in school and was able to work and perform activities of daily living. [Tr. 24]. The ALJ then found that Mr. Skaggs had the residual functional capacity (RFC) to perform a modified range of light work, restricted to simple routine repetitive tasks in an environment that did not require, *inter alia*, any reading at greater than a third grade level. [Tr. 25]. Though the ALJ found at step four that Mr. Skaggs could no longer perform his past relevant work as a roofer and carpenter, the ALJ relied on the testimony of a vocational expert to determine that jobs exist in significant numbers in the national economy that plaintiff could perform, including laundry sorter, garment sorter, and tag inserter. [Tr. 34–35]. Accordingly, the ALJ concluded that Mr. Skaggs was not disabled. [Tr. 35].

Listing 12.05(C) requires a valid IQ of 60 to 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function, as well as deficits in adaptive functioning initially manifested before age 22. 20 C.F.R. Pt. 404, Subpt. P, Appendix I § 12.05. "When a claimant for benefits satisfies the disability listings, benefits are due notwithstanding any prior efforts of the claimant to work despite the handicap." *Luckey v. U.S Dept. of Health and Human Servs.*, 890 F.2d 666 (4th Cir. 1989). The ALJ's determination

3

that plaintiff did not have adaptive functioning deficits necessary for Listing 12.05(C) was due in large part to the fact that Mr. Skaggs had worked. In coming to this conclusion, the ALJ disregarded the opinion of every psychologist that evaluated Mr. Skaggs. [Tr. 29–30].

Mr. Skaggs has verbal IQ scores of 68, a performance IQ of 80, and a full scale IQ of 72. [Tr. 684–84]. In high school, he had an IQ score of 64. [Tr. 543–44]. He has well documented functional illiteracy. The work background report completed as part of his application for benefits was replete with spelling errors. [Tr. 516]. The Social Security Administration worker who interviewed him stated that she had to read the application for him. [Tr. 433]. A medical expert testified at the hearing that Mr. Skaggs was functionally illiterate, [Tr. 61], and Mr. Skaggs's psychiatrist found that "his sequencing of verbal material . . . were very poor, perhaps reflective of combination of preexisting learning difficulties combined with head injury sequelae" [Tr. 685]. In sum, it is abundantly clear that Mr. Skaggs meets the criteria for Listing 12.05(C). The government conceded as much at the September 8 hearing in this case, and agreed that the decision of the ALJ should be reversed for an award of benefits as of Mr. Skaggs's alleged onset date in 2006.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). As plaintiff has demonstrated, and the government has conceded, that he meets Listing 12.05(C), a remand of this matter would serve no purpose.

4

Accordingly, the decision of the Commissioner is hereby reversed and this matter is remanded for an award of benefits as of March 2, 2006.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED and defendant's motion for judgment on the pleadings [DE 27] is DENIED. This decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits as of March 2, 2006.

SO ORDERED, this __15__ day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE